582

Matthew J. BREWER, Personal Representative of the Heirs and the Estate of Philip Tyrone Brewer; et al., Plaintiffs—Appellants,

v.

PARKER HANNIFIN INC., Defendant—Appellee.

No. 07–35326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Oct. 30, 2008.

John A. Follis, Esquire, Anderson Hunter Law Firm, Everett, WA, Louis Franecke, Esquire, Franecke Law Group, San Rafael, CA, for Plaintiffs–Appellants.

Dana Baiocco, John D. Goetz, Esquire, Jones Day, Pittsburgh, PA, Bradley S. Keller, Byrnes & Keller, LLP, Seattle, WA, for Defendant–Appellee.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiffs, personal representatives of the estates of Philip and Sondra Brewer, appeal the district court's grant of summary judgment to Parker Hannifin on their products liability claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Brewer has not challenged the district court's ruling, based on Ohio law, that the vacuum pump on the Brewer aircraft had substantially changed from the pump that left Parker's facility in 1984, due to the Aero overhaul process. The Parker manuals and mailings that Brewer relies on

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

here applied to Parker products, not cannibalized sub-parts of Aero-overhauled products. Thus, even if manuals and mailings can generally be considered a "part" for the purposes of the General Aviation Revitalization Act ("GARA"), *see Caldwell v. Enstrom Helicopter Corp.,* 230 F.3d 1155, 1157 (9th Cir.2000), the manuals and mailings upon which Brewer relies cannot satisfy GARA's other requirement, that they be "an integral part of the general aviation aircraft product" that is "alleged to have caused the death, injury, or damage." *Id.* at 1157–58; 49 U.S.C. § 40101 note, § 2(a)(2). Put simply, even if the manuals and mailings are "parts" capable of restarting GARA when they replace other manuals pertinent to a particular pump, given the district court's Ohio law ruling, they are not "parts" of the vacuum pump that actually caused the Brewer aircraft accident, or of the aircraft containing that pump. The manuals and mailings therefore fail to trigger GARA's rolling statute of repose. As a result, the district court correctly granted summary judgment as to Brewer's claim against Parker.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided